UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY ROBERT COLEMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-cv-00378-TWP-DML |
| D. REGAL, | ) ) ) |
| Respondent. | ) |

**Order Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed the instant habeas petition challenging a prison disciplinary proceeding in which he was found guilty. For the reasons stated below, this petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in

custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Here, the petitioner's sanction did not include the loss of good-time credits or a demotion in credit-class. He was directed to show cause why his petition should not be dismissed for this reason and responded that the disciplinary sanction at issues was used to reclassify him from a medium security level to a maximum security level, therefore denying him access to programs that would allow him an earlier release. Dkt. 6. But even if the challenged disciplinary proceeding resulted in the denial of a future opportunity to earn an earlier release via educational or other programming, the "custody" requirement is still not met. *See Hadley v. Holmes*, 341 F.3d 661 (7th Cir. 2003); *Holleman v. Finnan*, 259 F. App'x 878, 2008 WL 110982, *1 (7th Cir. 2008). Therefore, the petitioner is not "in custody" under § 2254, and his petition for a writ of habeas corpus is **dismissed** pursuant to Rule 4.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRADLEY ROBERT COLEMAN
988637
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only